**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MICHAEL ERAVI, )
)
Plaintiff, )
)
v. ) Case No. 26-4042-AWM-RES
)
LUTHER GANIEANY, )
ROD STROLE, )
FLORENCIO CHAVEZ, )
SEBASTIAN BAEZA, )
TYLER HUMMEL, )
)
Defendants. )
)

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT BY DEFENDANTS GANIEANY, STROLE, CHAVEZ, BAEZA, HUMMEL**

Plaintiff Michael Eravi's three § 1983 causes of action against each of five defendants—Luther Ganieany, Rod Strole, Officer Florencio Chavez, Officer Sebastian Baeza, and Officer Tyler Hummel—in his Complaint, ECF No. 1, should be dismissed for failure to state a claim for a constitutional violation and because each defendant is entitled to qualified immunity. The Complaint should be dismissed in its entirety for the reasons stated in the Brief in Support of Motion to Dismiss, ECF No. 12, and this Reply Brief in Support of the motion.

## Argument & Authorities

### I. All five defendants are entitled to qualified immunity against allegations in Count I.

Count I alleges Fourth Amendment violations for unreasonable seizure and excessive force. ECF No. 1, ¶¶ 63-86. Plaintiff concedes the Complaint fails to state a claim for excessive force. ECF No. 14 at 9. Thus, the excessive force claim within Count I should be dismissed.

All five defendants assert qualified immunity against Count I's allegation of unreasonable seizure. To overcome qualified immunity, the burden is on the plaintiff "to demonstrate that the

defendant violated his constitutional rights and that the right was clearly established." *Callahan v. Unified Government of Wyandotte County*, 806 F.3d 1022, 1027 (10th Cir. 2015).

Four defendants—Luther Ganieany, Rod Strole, Florencio Chavez, and Sebastian Baeza—sought dismissal for lack of personal participation. ECF No. 12 at 4. In response, Plaintiff cited *Buck v. City of Albuquerque* for the premise that personal involvement can be shown if a defendant "set in motion a series of events" that he "knew or reasonably should have known would cause others to deprive" a plaintiff of his constitutional rights. 549 F.3d 1269, 1279-80 (10th Cir. 2008) (finding personal participation of police captain for directing arrest); ECF No. 14 at 3. Neither the Complaint nor Plaintiff's response allege Strole, Officer Chavez or Officer Baeza arrested Eravi or directed that Eravi be arrested. ECF No. 1, ¶¶ 46, 67-73; ECF No. 14 at 3-4. And there is no allegation that Officer Chavez or Officer Baeza "set in motion" anything. ECF No. 1, ¶ 79. Nor has Plaintiff identified clearly established law that would have put Strole, Officer Chavez and Officer Baeza on notice that their alleged conduct violated Eravi's constitutional rights. ECF No. 14 at 3-4. Thus, Strole, Officer Chavez and Officer Baeza are entitled to qualified immunity and should be dismissed from Count I.

Plaintiff tries to avoid dismissal by contending there was no probable cause for any of three crimes under Kansas law. ECF No. 14 at 4-8. "Because probable cause is an objective standard, an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offence cited at the time of arrest or booking." *District of Columbia v. Wesby*, 583 U.S. 48, 54 n.2 (2018). Kansas law prohibits a person failing to leave a public building upon being requested to do so if the person is committing any act that did or would if completed, "disrupt, impair, interfere with or obstruct" the functions being carried on in the building. K.S.A. 21-5922(a)(3). In response, Plaintiff asserts he "threatened no one, touched no one, blocked no entrance or exit, damaged no

property, and physically interfered with no governmental function." ECF No. 14 at 5. But none of those acts are required to support probable cause for K.S.A. 21-5922(a)(3). *See Spiehs v. Armbrister*, No. 24-4005-JAR, 2026 WL 2357601, at *26 (D. Kan. Aug. 14, 2026) ("[K.S.A. 21-5922] requires only that the person knowingly refuse or fail to leave after being asked to do so by the proper official while committing conduct that disrupts, impairs, interferes with, or obstructs the lawful functions being carried on in the building.").

Here, the Complaint alleges Strole—identified as a Kansas Highway Patrol supervisor—said that Eravi and Spiehs were disrupting the office, and "he was asking Spiehs and Eravi to leave" because "they both were disrupting the office." ECF No. 1, ¶¶ 42-43. Rather than leaving as requested, "they explained to Strole that his instructions were unconstitutional," and "Eravi pointed out that Ganieany could be seen through the window instructing Strole what to say." ECF No. 1, ¶¶ 43, 45. In other words, the Complaint establishes Eravi refused to leave and failed to leave when requested to do so. *See* K.S.A. 21-5922(a)(3). For the purpose of evaluating Count I, the relevant question is whether the facts known to Officer Hummel "would lead a reasonable officer to believe that the arrest was supported by probable cause." *See Armbrister*, 2026 WL 2357601, at *26 (finding probable cause for K.S.A. 21-5922(a)(3)). The Complaint, and the imbedded video links, establish Officer Hummel was present when Strole asked Eravi and Spiehs to leave because they were disrupting the office. ECF No. 1, ¶¶ 24, 42-46. Thus, it was objectively reasonable for Officer Hummel to believe his arrest of Eravi was supported by probable cause. Similarly, it was objectively reasonable for Ganieany to believe his direction to arrest Eravi (as alleged in the Complaint, ECF No. 1, ¶¶ 44-47) was supported by probable cause.

Plaintiff tries to make something out of the allegation that Officer Hummel, Eravi's arresting officer, wasn't present for Eravi's entire encounter in the lobby. It doesn't matter. "Police

officers are entitled to rely upon information relayed to them by other officers in determining whether there is … probable cause to arrest." *Oliver v. Woods*, 209 F.3d 1179, 1190 (10th Cir. 2000). In any event, Officer Hummel observed that Eravi failed to leave, making it objectively reasonable for him to believe he had probable cause, or at least arguable probable cause, to arrest Eravi for interference with the conduct of public business in a public building, interference with a law enforcement officer, or criminal trespass. *See* ECF No. 12 at 6. Thus, Count I fails to state a claim for unreasonable seizure against Officer Hummel or any of the other four defendants.

**II. All five defendants are entitled to qualified immunity against allegations in Count II.**

Count II alleges First Amendment violations for retaliation and viewpoint discrimination. ECF No. 1, ¶¶ 88-97. Plaintiff doesn't contest that the Kansas Highway Patrol records office lobby is a nonpublic forum for the purposes of the First Amendment. ECF No. 12 at 8-9; No. 14 at 11.

A nonpublic forum "by definition is not dedicated to general debate or the free exchange of ideas." *Cornelius v. NAACP Legal Defense & Educational Fund, Inc.*, 473 U.S. 788, 811 (1985). "The First Amendment does not forbid a viewpoint-neutral exclusion of speakers who would disrupt a nonpublic forum[.]" *Id*. Here, Eravi was arrested because he failed to leave when asked and ordered to do so when he was disruptive. ECF No. 1, ¶¶ 16-17, 39, 42-43; ECF No. 12 at 10.

Count II should be dismissed because Plaintiff has failed to meet his burden to show each of the five defendants' conduct was prohibited by clearly established law. ECF No. 12 at 11; ECF No. 14 at 13. "To determine whether the law is clearly established, the relevant 'precedent is considered on point if it involves *materially similar conduct* or applies with *obvious clarity* to the conduct at issue." *Irizarry v. Yehia*, 38 F.4th 1282, 1294 (10th Cir. 2022).

Plaintiff cites four cases, none of which provide enough specificity to put each of the five defendants on notice that their conduct was unconstitutional. ECF No. 14 at 13. *Cornelius* involved

a legal funds' challenge to an executive order that excluded their participation in a charity drive. 473 U.S. at 788. There was no finding that a constitutional right was violated. *Id*. at 789. The second cited case involved county officials allegedly deterring a citizen from pursuing property tax appeals. *Van Deelen v. Johnson*, 497 F.3d 1151 (10th Cir. 2007). There was no finding that a constitutional right was violated. *Id*. The third case involves a citizen recording a police traffic stop in a public space. *Irizarry*, 38 F.4th at 1282. But *Irizarry* doesn't give notice that arresting someone who happens to be recording in a nonpublic forum violates constitutional rights. *See Stillwell v. Benson*, No. 25-259-J, 2025 WL 1672905, at *3 (W.D. Okla. June 13, 2025). In any event, there are no non-conclusory allegations that any of the defendants were motivated by Eravi recording. ECF No. 12 at 10. Plaintiff cites *Buck* for the limited notion that one directing an arrest doesn't escape liability. ECF No. 14 at 13. None of these cases involve materially similar conduct as alleged in the Complaint to overcome qualified immunity. Count II should be dismissed.

**III. All five defendants are entitled to qualified immunity against allegations in Count III.**

Notably, Plaintiff makes no attempt to identify clearly established law to overcome qualified immunity asserted by each of the five defendants seeking dismissal of Count III for civil conspiracy. ECF No. 12 at 11; ECF No. 14 at 14-15. For this reason alone, and for the reasons stated in ECF No. 12 at 11, Count III alleging civil conspiracy should be dismissed.

Respectfully submitted,

FOULSTON SIEFKIN LLP

By: */s/ Eric Turner*
Eric Turner KS 25065
7500 College Boulevard, Suite 1400
Overland Park, Kansas 66210
T (913) 498-2100 | F (913) 498-2101
eturner@foulston.com

ATTORNEY FOR DEFENDANTS
LUTHER GANIEANY, ROD STROLE,
FLORENCIO CHAVEZ, SEBASTIAN BAEZA,
& TYLER HUMMEL

**CERTIFICATE OF SERVICE**

I certify that on September 8, 2026, the foregoing was electronically filed with the Clerk of the Court by using the Court's e-Filing system which will send notification of electronic filing to counsel for all parties of record.

*/s/ Eric Turner*
Eric Turner